Adolfo Cruz GARCIA–GONZALES; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–74905.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2008.*

Filed Oct. 15, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Adolfo Cruz Garcia–Gonzales, Anaheim, CA, pro se.

Griselda Sauza–Torres, Anaheim, CA, pro se.

Carol Federighi, Esquire, Senior Litigation Counsel, OIL, Song Park, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, W. FLETCHER and RAWLINSON, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' untimely motion to reopen.

The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

___

** This disposition is not appropriate for publication and is not precedent except as provid-

Respondent's motion for summary disposition in part is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Specifically, the regulations provide that a motion to reopen must be filed within 90 days after the mailing of the BIA's decision. *See* 8 C.F.R. § 1003.2(c)(2). In this case, petitioners' motion was filed on August 31, 2007, more than 90 days after mailing of the BIA's August 11, 2006 decision. Therefore, the BIA did not abuse its discretion when it denied petitioners' untimely motion to reopen. *See Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005).

To the extent that petitioners seek review of the BIA's denial of the motion to reopen *sua sponte,* this court lacks jurisdiction over this petition for review. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). Therefore, respondent's motion to dismiss in part is granted.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**